IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN M. SCHLAGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1231 |
| | ) | Judge Conti |
| | ) | Magistrate Judge Bissoon |
| JEFFRREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Defendants' Motions to Dismiss (Docs. 13 and 45) be granted.

### II. REPORT

Plaintiff is a state prisoner convicted of murder and presently serving a life sentence at the State Correctional Institution at Fayette, located in LaBelle, Pennsylvania. He alleges that his constitutional rights under the First, Eighth and Fourteenth Amendments were violated when prison officials, acting in concert with the prosecuting attorneys in his state criminal case, seized from his prison cell certain Uniform Commercial Code ("UCC") forms. Plaintiff wished to use those forms in a state court appeal from his criminal conviction for murder. Plaintiff believes that he is entitled to release from custody and $3,000,000 in damages from each Defendant.

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of

Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, __U.S.__, 129 S.Ct. 1937, 1949 (2009).

    B.    <u>Analysis.</u>

        1.    **First and Fourteenth Amendment**

Plaintiff asserts that he was denied the opportunity to use the seized documents in a state court appeal from his criminal conviction and sentence, and that this denied him his First and Fourteenth Amendment right of access to the courts.  He seeks as relief release from custody and damages.

A prisoner may not bring a civil rights suit if its success would render invalid a criminal conviction that has not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal ... or called into question by a federal court's issuance of a writ of habeas corpus."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  Where a Section 1983 claim "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," then the claim is barred until the conviction is overturned.  Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (cites and quotes omitted).  Here, taking Schlager's First and Fourteenth Amendment claim at face value, resolution of the claim in his favor would render his criminal conviction and sentence invalid.  He is barred from litigating his claim unless and until his conviction is reversed on appeal.  That has not occurred.

Moreover, Plaintiff's First and Fourteenth Amendment claims also should be dismissed because he has failed to plead that he was prevented from presenting a "non-frivolous" claim:

> Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. See id. at 354-55, 116 S.Ct. 2174. Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"- that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. See Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

Monroe v. Beard, 586 F.3d 198, 205 (3d Cir. 2008). First, Plaintiff did, in fact, present his "UCC" defense to the state courts (Doc. 43-1). Therefore, Plaintiff did not lose an opportunity to present his claim. Second, the defense Plaintiff presented, and that he asserts was hindered by the lack of documentation, is that he was charged in the state courts as a "fiction corporation" rather than as a "Flesh-&-Blood-Living-Breathing-Man," and that this means he can "discharge" his "debt" (his life sentence) under the UCC and is entitled to immediate release from custody (Doc. 43-1). To be blunt, this proposed defense is the epitome of frivolous, and even if Plaintiff's attempt to present it was hindered by Defendants' actions, it does not and cannot amount to the loss of a "non-frivolous" or "arguable" underlying claim as required under Christopher.

### 2. Eighth Amendment

To state an Eighth Amendment claim, Schlager must allege both that he has been denied "the minimal civilized measure of life's necessities" and that this was done while the Defendants had a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994). In order to state a claim, the conditions cited by an inmate must be "objectively, sufficiently serious

[and] must result in the denial of the minimal civilized measure of life's necessities." Id, at 834 (internal citation and quotation omitted). Only "extreme deprivations" are sufficient to make out a conditions of confinement claim. Hudson v. McMillen, 503 U.S. 1, 8-9 (1992). A plaintiff must prove that the deprivation is sufficiently serious when viewed within the context of "contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 36 (1993).

Plaintiff's only claim is that he was denied the UCC forms identified above. This does not state a claim under the Eighth Amendment because it has not, even arguably, denied him "the minimal civilized measure of life's necessities".

### 3. Conspiracy

To sustain a conspiracy claim under Section 1983, a plaintiff must establish: "(1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." Marchese v. Umstead, 110 F.Supp.2d 361, 371 (E.D.Pa. 2000) (citations omitted). Schlager cannot establish that the taking of his UCC documents violated his civil rights and, therefore, cannot satisfy the second element of a conspiracy claim.

Plaintiff also cannot establish a conspiracy claim pursuant to 42 U.S.C. §1985(3), which requires him to plead: (1) a conspiracy; (2) motivated by racial or class-based discriminatory animus; (3) an act in furtherance of the conspiracy; and (4) an injury to a person or a deprivation of any right or privilege. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.1997). Plaintiff identifies himself as a "Secured Party Sovereign," a term the Court takes to mean those persons incarcerated under conviction and sentence who believe they can "discharge" that "debt" through some distorted application of the Uniform Commercial Code to a state court criminal proceeding. Plaintiff's conspiracy claim necessarily fails because no court has identified "Secured Party

Sovereigns" as a discrete, insular minority recognized as a protected class for purposes of Section 1985(3), and because, as noted above, he was not prevented from presenting his "defense" to the state courts.

### III. CONCLUSION

It is respectfully recommended that Defendants' Motions to Dismiss (Docs. 13 and 45) be granted.

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 26, 2010.  Failure to timely file objections may constitute a waiver of any appellate rights.

February 12, 2010                                        s/Cathy Bissoon
                                                         CATHY BISSOON
                                                         UNITED STATE MAGISTRATE JUDGE

**Cc:**
DAMIEN M. SCHLAGER
GN8618
SCI Fayette
PO Box 9999
LaBelle, PA 15450