IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAMIEN M. SCHLAGER,            ) | |
|                                    ) | |
|        Plaintiff,                ) | |
|                                    ) | |
| v.                                  ) | Civil Action No. 09-1231 |
|                                    ) | Judge Conti |
|                                    ) | Magistrate Judge Bissoon |
| JEFFRREY A. BEARD, *et al*.,      ) | |
|                                    ) | |
|        Defendants.             ) | |

**MEMORANDUM ORDER**

The complaint filed by Damien Schlager ("plaintiff" or "Schlager") pursuant to 42 U.S.C. § 1983 was submitted to the court on September 10, 2000, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.C and 72.D of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation, filed on February 12, 2010, recommended that the defendants' motions to dismiss (Docket Nos. 13, 45) be granted. Schlager filed objections on March 8, 2010, which will be treated as having been timely filed. Schlager asserts that the magistrate judge failed to rule upon his claims made pursuant to the Fourth, Fifth, Sixth and Thirteenth Amendments premised upon the mere fact that his UCC "document" was taken from him (Docket No. 51, at 3). The complaint does not contain any express mention of the constitutional provisions now cited by Schlager, but the court must liberally read pleadings filed by prisoners proceeding *pro se*. Haines v. Kerner, 404 U.S. 519, 520 (1972). The motions to dismiss sought the dismissal of all claims. (See Docket Nos. 14, at 3; 45-2; Docket No. 46, at 14).

First, to the extent that Schlager asserts a Fourth Amendment right not to have property seized from his cell (i.e., the UCC "document" he wanted to use to challenge his state court

conviction), the "proscription against unreasonable searches does not apply within the confines of the prison cell."  Hudson v. Farmer, 468 U.S. 517, 526 (1984).

Next, any claim that plaintiff was denied due process in the context of a seizure of property is necessarily limited to a claim that no adequate post-deprivation remedy exists. Hudson, 468 U.S. at 533.  Plaintiff's claim fails because the Court of Appeals for the Third Circuit has held that the Pennsylvania Department of Corrections' grievance procedure "provides an adequate post-deprivation remedy."  Durham v. Department of Corrections, 173 Fed.App'x 154, 157 (3d Cir. 2006).

Finally, plaintiff again makes clear that the crux of this lawsuit is his claim that he was denied possession of a document that he asserts would have enabled him to have his state court conviction overturned (Docket No. 51, at 4).  Plaintiff is attempting to litigate a claim, in whatever guise, that would call into question the validity of his state court conviction.  Such a claim is not cognizable pursuant to the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477, 487 (1994).

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation and the objections thereto, the following order is entered:

AND NOW, this 31st day of March, 2010,

IT IS HEREBY ORDERED that defendants' motions to dismiss (Docket Nos. 13, 45) are GRANTED and the Clerk is directed to mark this case CLOSED.  The magistrate judge's Report and Recommendation (Docket Nos. 49) as supplemented by this memorandum order is adopted as the opinion of the court.

/s/Joy Flowers Conti
Joy Flowers Conti
United States District Court Judge

cc:
DAMIEN M. SCHLAGER
GN8618
SCI Fayette
PO Box 9999
LaBelle, PA 15450